IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE STANFORD ENTITIES<br>SECURITIES LITIGATION | §<br>§ | CIVIL ACTION NO. 3-09-MD-2099-N |

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE<br>COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STANFORD INTERNATIONAL<br>BANK, LTD., *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3-09-CV 0298-N |

EXAMINER'S REPORT NO. 3
(September 23 Meeting[1] of the Stanford Investors Committee)

Pursuant to the Court's instruction given during the status conference held on September 23, 2010, John J. Little, Examiner, submits his Report No. 3 with respect to the meeting of the Investors Committee that occurred on September 23, 2010 (the "September 23 Meeting").

The Examiner respectfully requests the Court's guidance with respect to whether, and how often, the Examiner should prepare and file similar reports with respect both to future meetings of the Investors Committee and to future meetings between the Investors Committee and the Receiver. As set forth below, and as contemplated under the Investors Committee Order, the Committee has entered into a confidentiality agreement governing its internal deliberations and with respect to information obtained from the Receiver and his professionals. The

---

[1] In preparation for the meeting on September 23, the members of the Investors Committee held telephone conferences on September 10 and September 17, and also exchanged numerous email communications.

Committee recognizes need for and desirability of periodically reporting to Investors and to the Court concerning its activities, consistent with its obligations under these agreements and in furtherance of its duties to the Investor community.

1.   <u>Attendees</u>.  The September 23 Meeting was attended by five of the seven members of the Investors Committee:  John J. Little, Examiner; Peter Morgenstern; Ed Snyder; Edward Valdespino; and Jaime Pinto Tabini.  Ms. Angela Shaw Kogutt and Dr. John Wade were unable to attend the meeting as they were in Washington, D.C. attending Congressional hearings relating to the Stanford matter.  The September 23 Meeting was also attended by the Receiver, Ralph S. Janvey, and by three of his attorneys from Baker Botts:  Kevin M. Sadler, Craig Adams and Tony M. Davis.

2.   <u>Location and Duration</u>.  The September 23 Meeting was held at the Examiner's offices in Dallas, Texas.  The meeting commenced at approximately 11:30 a.m. (following the conclusion of the Court's status conference) and ended at approximately 3:30 p.m.

3.   <u>Procedural Matters</u>.  As contemplated by the Order creating the Investors Committee, the Examiner chaired the September 23 Meeting. Doc. No. 1149, Civil Action No. 09-0298-N (the "Investors Committee Order") at ¶1(d).  In anticipation of the September 23 Meeting, and in accordance with the requirements of the Investors Committee Order, the members of the Investors Committee had worked with the Receiver and his counsel to prepare and agree upon a set of by-laws for the Investors Committee and a confidentiality agreement to be entered between the members of the Investors Committee and the Receiver.  The members of the Investors Committee agreed upon and executed a set of by-laws at the beginning of the September 23 Meeting.  *See* Investors Committee Order at ¶¶ 1(c), (e).  The members of the Investors Committee also agreed upon and executed with the Receiver a confidentiality agreement. *See Id.* at ¶1(f).

The Investors Committee agreed to establish with the Receiver a schedule pursuant to which the Investors Committee will meet with the Receiver or his representatives no less than monthly, as contemplated by the Investors Committee Order. *Id.* at ¶7. The Investors Committee also requested an opportunity to meet with the Receiver's forensic accountants at FTI.

4. <u>Substantive Discussions</u>. During the September 23 Meeting, the Investors Committee and the Receiver addressed the substantive matters set forth below.

   a. <u>Financial status of the Receivership Estate</u>. The Receiver and his counsel provided an update concerning, and discussed with the Investors Committee, the current financial status of the Estate, including the pending sales of certain assets, the prospects for liquidating other assets owned by the Receivership Estate, and the status of the Receiver's efforts to recover assets located in foreign jurisdictions.

   b. <u>Documents and Materials in the Custody of the Receivership Estate</u>. The Receiver and his counsel provided an update concerning, and discussed with the Investors Committee, the various types of documents, materials and other information that are in the Receiver's custody. The Receiver provided information concerning the containers of materials that have been shipped to Houston from Stanford offices across the country; the materials that have been produced to the Department of Justice in response to its various requests; and the materials that have been produced to the Securities & Exchange Commission in response to its various requests. The Receiver and the Investors Committee also discussed the costs that have been incurred by the Receivership Estate in responding to governmental requests for information and materials.

The Receiver and his counsel also discussed with the Investors Committee the efforts undertaken by certain members of the Investors Committee to obtain access to the documents and information under the control of the Receiver and others, and agreed to continue working together to establish a protocol for obtaining and reviewing such documents and information, the review and analysis of which is vital to the mission of the Committee and its efforts to identify and pursue potential claims on behalf of Investors, notwithstanding certain impediments to those efforts caused by the pending criminal investigation and prosecutions.

    c.    <u>Claim Processing</u>.  The Receiver and his counsel discussed with the Investors Committee preliminary thoughts and issues concerning the establishment of a claim submission and adjudication process.  This topic will be addressed further in upcoming meetings. through which Stanford Investors and other creditors could submit claims, those claims could be investigated and approved, and decisions concerning claims could be reviewed (as necessary).  The Receiver and the Investors Committee also discussed the extent to which the submission and processing of claims could be conducted on a confidential basis.

    d.    <u>Third Party and Other Claims</u>.  The Receiver and his counsel discussed with the Investors Committee the various third party defendants against whom the Receiver has filed claims and certain other potential third party defendants against whom the Receiver has investigated the possibility of filing third party claims.  The Receiver agreed to provide certain documents and materials to the Investors Committee in connection with the Investors Committee's investigation of potential third party claims.  The Receiver and his counsel also responded to questions from the Investors

Committee concerning potential third party defendants that have been identified by the Investors Committee.

The Receiver and his counsel also provided the Investors Committee with certain information concerning the "net winner" claims that the Receiver is prosecuting.

e. <u>Attorney-Client Privilege</u>. The Investors Committee and the Receiver discussed issues relating to various privileges concerning information relating to the Stanford case. No final decisions were made with respect to that matter.

5. <u>Actions Taken by the Investors Committee</u>. As noted above, the members of the Investors Committee adopted and executed a set of by-laws as contemplated by the Investors Committee Order. The members of the Investors Committee also agreed upon and executed with the Receiver a confidentiality agreement, also as contemplated by the Investors Committee.

No other actions were voted upon or taken by the Investors Committee at the September 23 Meeting. The next meeting of the Committee will be held in October as contemplated by the Investors Committee Order.

Respectfully submitted,

    /s/ John J. Little
John J. Little
Tex. Bar No. 12424230
LITTLE PEDERSEN FANKHAUSER, LLP
901 Main Street, Suite 4110
Dallas, Texas 75202
(214) 573-2300
(214) 573-2323 [FAX]

Of Counsel:

LITTLE PEDERSEN FANKHAUSER L.L.P.

Stephen G. Gleboff
Tex. Bar No. 08024500
Walter G. Pettey, III
Tex. Bar No. 15858400
Megan K. Dredla
Tex. Bar No. 24050530

901 Main Street, Suite 4110
Dallas, Texas 75202
Telephone: 214.573.2300
Fax: 214.573.2323

## CERTIFICATE OF SERVICE

On September 30, 2010 I electronically submitted the foregoing document to the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ John J. Little